Filed 3/12/14  P. v. Magdaleno CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063882 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD229679) |
| MITCHELL MAGDALENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge. Affirmed.

Robert Booher, under appointment by the Court of Appeal, for the Defendant and Appellant.

No appearance for the Plaintiff and Respondent.

In April 2013, after his probation was revoked, Mitchell Magdaleno pleaded guilty to unlawful sexual intercourse with a minor (Pen. Code,[1] § 261.5; count 1) and oral copulation of a minor (§ 288a, subd. (b)(2); count 2) in exchange for dismissal of remaining charges and a maximum punishment of two years in state prison. Magdaleno entered into the April 2013 plea so as to correct an error in an earlier guilty plea he had entered into in January 2011 as well as an erroneous sentence imposed after his probation revocation. The trial court sentenced Magdaleno to a two-year low term on count 1 and a concurrent two-year midterm on count 2. It granted Magdaleno 430 days of actual and local conduct credits and ordered him to pay various fees and fines. Magdaleno filed the present appeal. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

After the People charged Magdaleno with four counts of committing a lewd act on a child 14 or 15 years of age (§ 288, subd. (c)(1)), he pleaded guilty in January 2011 to one count of unlawful sexual intercourse with a minor (§ 261.5) and another count identified incorrectly on the plea form as under section "288(a)(2)." The terms of Magdaleno's plea bargain provided for a maximum punishment of two years in state prison. In May 2011, Magdaleno was granted three years of probation for his convictions, the second of which was correctly listed in the order as oral copulation of a minor under section 288a, subdivision (b)(2). He was ordered to serve 210 days in county jail with two days of credit.

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

In February 2012, Magdaleno admitted violating his probation by failing to attend sex offender treatment. The trial court, following a probation officer's recommendation, reinstated probation.

In March 2013, Magdaleno admitted to seven additional probation violations. The court revoked his probation and sentenced him to a three-year midterm on count 1 and a concurrent two-year midterm on count 2.

On April 26, 2013, the People filed an amended complaint asserting two counts of section 261.5 violations (counts 1 and 2) and one count of a violation of section 288a, subdivision (b)(2) (count 3). Observing that Magdaleno was arraigned on an amended complaint in January 2011 but there was no such complaint in the file, the trial court nunc pro tunc deemed the amended complaint as filed on January 26, 2011. The court further explained: "And for purposes of today's hearing, we now have a felony change of plea form that is correct as to the charges that were in the amended complaint and is correct as to what the negotiated disposition was as of the date of January 26, 2011."

Magdaleno then entered into a guilty plea to count 1 and count 3 of the amended complaint, in exchange for dismissal of the balance of the charges and a two-year "lid." The factual basis for his plea consisted of Magdaleno's sworn admission (as well as a written statement initialed by Magdaleno), that he "had unlawful sexual intercourse when 21 years of age or older with a minor under 16 and including oral copulation of same minor under 16." The court acknowledged that the sentence imposed in March 2013 was invalid and corrected the felony abstract of judgment to impose a state prison sentence of two years, consisting of the two-year low term on count 1 and a concurrent two-year

3

midterm on count 3.  It ordered Magdaleno to pay a $200 restitution fine under section 1202.4, subdivision (b), a $200 parole revocation restitution fine under section 1202.45, and an $80 court operations assessment under section 1465.8.  The court awarded Magdaleno 430 days of custody credits.

Magdaleno timely filed a notice appeal but did not obtain a certificate of probable cause.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Under *Anders v. California* (1967) 386 U.S. 738, counsel identifies one possible appellate issue: whether Magdaleno's guilty plea was constitutionally valid.  We granted Magdaleno permission to file a supplemental brief on his own behalf, but he did not respond.

Our review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to Magdaleno's appellate counsel, has revealed no reasonably arguable appellate issue. Because Magdaleno did not obtain a certificate of probable cause, he cannot challenge the validity of his guilty plea.  (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096-1097.)  Magdaleno has been competently represented by counsel on this appeal.

4

DISPOSITION

The judgment is affirmed.

                                                                                  O'ROURKE, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

IRION, J.

5